**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW FERGUSON, also known
as Andrew Lee Ferguson,

      Plaintiff - Appellant,

v.

NEW MEXICO DEPARTMENT OF
CORRECTIONS; WACKENHUT
CORRECTIONS CORPORATION;
ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility; TIMOTHY HATCH, Deputy
Warden, Guadalupe County
Correctional Facility; DAVID
GRIEGO, Associate Warden,
Guadalupe County Correctional
Facility; JOHN/JANE DOE, also
known as Major Johnson, Guadalupe
County Correctional Facility;
LIEUTENANT MICHAEL NEELY,
Guadalupe County Correctional
Facility; and SHANNON
MCREYNOLD, Director, Special
Control Unit, Penitentiary of New
Mexico,

      Defendants - Appellees.

No. 01-2030

(D.C. No. CIV-00-1371-MV)

(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Andrew Lee Ferguson, a state prisoner proceeding pro se, appeals the district court order dismissing his § 1983 claims under Fed. R. Civ. P. 12(b)(6). On October 2, 2000, Mr. Ferguson filed a § 1983 complaint claiming Defendants violated his rights under the First and Fourteenth Amendments of the Constitution. Mr. Ferguson's complaint arose out of his "jailhouse lawyering" activities. On November 17, 2000, Mr. Ferguson amended his original complaint. The district court dismissed the amended complaint on December 28, 2000. On appeal, Mr. Ferguson challenged the district court's decision on three grounds.

Mr. Ferguson first disputes the district court's finding that he had no legally protected interest to represent others. The district court correctly held that the First Amendment is not implicated by Mr. Ferguson's alleged "jailhouse lawyering" activities. Prisoners "do not have a protected interest in providing legal representation to other inmates." Smith v. Maschner, 899 F.2d 940, 950

-2-

(10th Cir. 1990). Mr. Ferguson's reliance on the Ninth Circuit's decision in Murphy v. Shaw, 195 F.3d 1121 (9th Cir. 1999), is unfounded; the Supreme Court recently reversed that decision. Shaw v. Murphy, 532 U.S. 223 (2001) (holding that prisoners have no First Amendment right to represent others).

Mr. Ferguson next argues that Defendants' retaliation against him for filing grievances constitutes a deprivation of his constitutional rights. The district court did not address this issue in its ruling. It is true that the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995), held that a prisoner does not have a protected due process interest in administrative segregation proceedings unless the punishment is atypical of what is expected while in confinement. However, the Court specifically held that prisoners retain "other protection from arbitrary state action even within the expected conditions of confinement," such as First Amendment retaliation claims. Sandin, 515 U.S. at 487 n.11 (1995).

Appellant's complaint states that after filing grievances regarding alleged harassment, Defendants "placed plaintiff in involuntary administrative segregation by alleging plaintiff violated policy without substantiating the violation. This was done in an attempt to cover up harassment and retaliation." Plaintiff's Complaint, Rec., Vol. 1, Doc. 7 at 2-C and D. "'[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under . . . Section 1983 even if the act, when taken for a different

reason, would have been proper.'" Smith, 899 F.2d at 948 (10th Cir. 1990) (citation omitted). A liberal reading of the complaint indicates that Mr. Ferguson sufficiently pled that the administrative proceeding was a retaliatory act for filing grievances in violation of Mr. Ferguson's First Amendment rights.[1]

Mr. Ferguson's final issue for review is whether his due process rights were violated during the proceedings culminating in Mr. Ferguson's placement in administrative segregation. The district court correctly dismissed this claim. Mr. Ferguson's involuntary placement into segregated confinement does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 486. Therefore, Mr. Ferguson's third issue on appeal fails.[2]

We REMAND this case to the District Court for consideration of Mr. Ferguson's First Amendment retaliation claim for filing grievances. In all other respects, we AFFIRM the District Court.

---

[1]Mr. Ferguson's complaint surpasses the low threshold required to avoid disposition through Fed. R. Civ. P. 12(b)(6). However, in order to proceed, it is essential that Mr. Ferguson prove specific facts showing retaliation resulting from the exercise of his First Amendment right to file grievances. Conclusory allegations of constitutional retaliation are simply insufficient.

[2]We also deny Mr. Ferguson's "Motion to File Exhibits" as moot. All of the requested exhibits pertain to his allegation that the Defendants violated his due process rights while placing him in involuntary administrative segregation.

Entered for the Court


Monroe G. McKay
Circuit Judge